## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| N.J., a minor and individual with a disability, and her parents/guardians/next friends, E.J. and J.J. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    CASE NO. 3:25-cv-00006 |
| | ) |
| PENN-HARRIS-MADISON SCHOOL CORPORATION | ) |
| | ) |
| | ) |
| Defendant. | ) |

### REPORT OF PARTIES' PLANNING MEETING

1. From March 14, 2025 through April 3, 2025, the parties conferred via electronic mail under Fed. R. Civ. P. 26(f) and agreed to this report on April 3, 2025. Dorene J. Philpot, Esq. and Benjamin Jay Hinerfeld, Esp. PHV, participated for the Plaintiffs, Monica J. Conrad, Esq., and Scott A. Pyle, Esq. participated for the Defendants.

2. <u>Jurisdiction</u>. The Plaintiff's First Cause of Action is brought pursuant to 20 U.S.C. §1415 (i) (2). The parties agree that the court has jurisdiction for Plaintiff's First Cause of Action under 28 U.S.C. §1331 based upon federal question jurisdiction and under 20 U.S.C. §1415 (i) (2). The Plaintiff's Second Cause of Action is brought as a Breach of Contract claim pursuant to the laws of the State of Indiana. The parties agree that the court has jurisdiction for Plaintiff's Second Cause of Action under 28 U.S.C. §1367 based upon this court's ancillary jurisdiction. The Plaintiff's Third Cause of Action is brought pursuant to 29 U.S.C. § 794 as well as 42 U.S.C. §§ 12101, *et. seq.* and 42 U.S.C. § 12312. The parties agree that the court has jurisdiction for Plaintiff's Third Cause of Action under 28 U.S.C. §1331 based upon federal question jurisdiction. The Plaintiff's Fourth Cause of Action is

brought pursuant to 20 U.S.C. §1415 (i) and 29 U.S.C. § 794. The parties agree that the court has jurisdiction for Plaintiff's Fourth Cause of Action under 28 U.S.C. §1331 based upon federal question jurisdiction and under 20 U.S.C. § 1415(i)

3. <u>Pre-Discovery Disclosures</u>.   Pursuant to Fed. R. Civ. Pro.  26(a)(1)(B) the parties are exempt from the initial disclosure requirement of 26(a)(1) information as this action involves the review of an administrative record.

4.  <u>Discovery Plan</u>.

The parties have not reached a complete agreement on a Discovery Plan and the parties respective positions are stated below.

**a.  The parties' agreed plan regarding electronically stored information (ESI)**

   **i.**  Disclosure or discovery of ESI should be handled as follows:

   **1.**  Disclosure or production of ESI will be limited to data that is reasonably available/accessible to the parties in the ordinary course of business. If a party requests documents that are stored in an electronic formal, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party copies of the documents in pdf format on CD or DVD, by email, or by other electronic means.

   **2.**  Under Rule 26(b)(5)(B), the inadvertent production of any privileged or otherwise protected ESI or documents shall not be deemed a waiver or impairment of any claim of privilege or protection including but not limited to the attorney-client

2

privilege or work product doctrine immunity, provided that the producing party promptly notifies the receiving party of the inadvertent production. Upon notification, the receiving party shall retrieve and return any such material within a reasonable time, and the receiving party's counsel shall not use such information for any purpose until further order of the Court. Any analyses, memoranda or notes which were generated based upon such inadvertently produced information shall immediately be treated in conformance with the protected nature of the information. The producing party must also preserve the information until any dispute regarding the ESI or documents is resolved. In the interests of economy and swift resolution of any dispute, the scope of the discovery and the form in which ESI is produced may be further limited or modified by agreement by the parties.

3. The scope of discovery or the format of the production of ESI may be further limited or modified by Court order upon a showing of good cause or undue burden and expense. Further, depending upon the nature of the data produced, a protective order may be appropriate, as the Court may approve.

**b. Plaintiffs' position on Discovery:**

Discovery is not required in this matter. The Due Process hearing spanned five days nearly 1500 pages of transcript and included over 160 exhibits. Respondent

propounded more than 11,000 pages of documents as potential exhibits in the hearing.

If the Court permits discovery, it should be very limited in scope, and completed by May 31, 2025.

Because the Due Process hearing record is a full development of facts relevant to their complaint, there is no need for interrogatories, requests for admission, or depositions. All necessary witnesses testified under oath in the Due Process hearing and/or in depositions. Both parties had the opportunity to call and cross-examine witnesses on all issues relevant to Plaintiffs' complaint.

The parties do not need to engage in the costly collection and exchange of electronically stored information (ESI).

This matter can be resolved through a motion for judgment on the administrative record, which is how courts in the Seventh Circuit and nationwide resolve administrative appeals of Independent Hearing Officer (IHO) decisions under the IDEA.

While Plaintiffs' complaint includes a state law claim for breach of contract – unusual as part of an IDEA appeal – that claim relates solely to facts fully developed during the Due Process hearing. The IHO lacked jurisdiction to rule over whether Defendant was in breach of the parties' settlement agreement.

There is no good faith basis for either party to dispute the existence of an agreement. There is no need for additional facts for the Court to rule on whether the parties abided by the agreement, as the parties' conduct under the terms of the agreement, as incorporated verbatim into N.J.'s individualized educational program (IEP) was the chief subject of the hearing.

In sum, the Court can rule on Plaintiffs' breach of contract claim concurrently with

its ruling on their motion for judgment on the administrative record. No additional evidence is needed.

   **c.  Defendant's position on Discovery:**

      i.  Contrary to Plaintiffs' position, the Plaintiffs' Original Complaint and Appeal as pled seeks relief and remedies from this Court beyond the IDEA/Article issues and facts pertaining to the administrative record. The IHO's jurisdiction in the administrative hearing was limited only to matters under 511 IAC 7-45-3(a). The administrative hearing officer framed issues limited to those under the IDEA/Article and specifically deny any jurisdiction concerning breach of contract, Section 504 or the ADA. Plaintiffs seek additional relief from this Court pursuant to § 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, and Indiana state contractual law. Further, as asserted by the Defendant in its affirmative defenses, there are discoverable issues as to whether Plaintiffs complied with the Indiana Torts Claim Act for their additional and ancillary claims in this cause of action.  As such, additional evidence and affording the parties an opportunity to engage in written and oral discovery is warranted. For these reasons, the Defendant seeks discovery in the manner proposed below.

    ii.  Defendant proposes Discovery is needed regarding the following:

        1.  Plaintiff's allegations in their Complaint;

        2.  Defendant's denials and affirmative defenses to Plaintiff's allegations;

3. The extent, nature, severity, and amount of Plaintiffs' damages, if any; and

4. whether Plaintiffs have mitigated their alleged damages.

5. In addition, discovery will be necessary to supplement the administrative record on appeal on issues that were raised before the Independent Hearing Officer including but not limited to compensatory education claims and the student's residency within the District.

iii. The last date to complete all discovery: Defendant proposes that discovery be completed by **January 16, 2026**. Defendant further proposes the following for discovery:

1. Maximum of 30 interrogatories by each party to any other party.

2. Maximum of 20 requests for admission by each party to any other party.

3. Maximum of 5 depositions by Plaintiffs and 5 by Defendant.

4. Each deposition is limited to a maximum of 8 hours unless extended by stipulation.

5. The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

a. **July 16, 2025** for Plaintiff

b. **August 18, 2025** for Defendants; and

c. Thirty days after receipt of new information for Rule 26(e) supplements.

5. <u>Other Items.</u>

The last date the Plaintiff may seek permission to join additional parties and to amend the pleadings is **May 30, 2025.**

The last date the Defendants may seek permission to join additional parties and to amend the pleadings is **June 30, 2025.**

**Dispositive Motions**: The parties are not in complete agreement on the question of dispositive motions.

**Plaintiffs' position:**

Plaintiffs believe there is little to no need for discovery in this matter. Administrative reviews of IDEA Due Process hearing decisions are generally conducted through motions for judgment on the administrative record. While courts often style these Motions for Summary Judgment, common practice under the IDEA is for the parties to cite to the administrative record in briefs, responses and replies. *See, e.g., Mt. Vernon Sch. Corp. v. A.M.*, No. 1:11-cv-637-TWP-TAB, 2012 U.S. Dist. LEXIS 122918, at *11 (S.D. Ind. July 10, 2012) ("'When reviewing a motion for summary judgment under the IDEA, which is the procedural vehicle for asking a court to decide the case based on the administrative record, the Court does not apply the traditional summary judgment standard, yet the statutory directive to rule based on the 'preponderance of the evidence' also removes the Court from the usual familiar territory of judicial review of administrative decisions.' *Stanley C. v. M.S.D. of Sw. Allen Cnty. Schs.*, 628 F. Supp. 2d 902, 920 (N.D. Ind. 2008) (citing *Evanston Cmty. Consol. Sch. Dist. No. 65 v. Michael M.*, 356 F.3d 798, 802 (7th Cir. 2004); *Todd v. Duneland Sch. Corp.*, 299 F.3d 899, 904 (7th Cir. 2002)). 'The district court must confer due weight to the final decisions of the state administrators and cannot

substitute its own notions of sound educational policy for those of the school authorities.' *Butler v. Evans*, 225 F.3d 887, 892 (7th Cir. 2000).").

Plaintiffs propose that briefing on their motion for judgment on the administrative record begin without delay if the parties cannot resolve this matter through mediation.

**Defendant's position:**

The Defendant contends that a dispositive motion deadline should be entered by this Court for a date that is ninety (90) days after the proposed date for close of discovery. For prior administrative review cases that the Defendant's counsel has had before this Court, this District has entered case management orders with this sequence of deadlines for discovery and dispositive motions. As such, the Defendant proposes that the last date for filing of dispositive motions is **April 17, 2026**.

The time to file Rule 26 (a)(3) pretrial disclosures will be governed by separate order.

It is anticipated that this case will be resolved by dispositive motions. In the event this case proceeds to trial, the case should be ready for bench trial by **September 2026** and at this time is expected to take approximately 3-5 days.

At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

6. <u>Alternative Dispute Resolution</u>

The case's settlement prospects may be enhanced via the following ADR procedure:

**Mediation**: The parties have agreed upon either the Hon. Richard McDevitt or the Hon. Steven David as mediator and have agreed to mediate prior to June 1, 2025. The parties further agree that the costs of mediation shall be shared equally between the parties unless

otherwise agreed to by the parties during the course of a mediation session. In addition, the

parties are also amenable to considering a judicial settlement conference for this matter.

Date: <u>April 3, 2025</u>

Respectfully Submitted,

| | |
|---|---|
| _____<u>/s/Dorene J. Philpot</u>_____ | _____<u>/s/ Scott A. Pyle</u>_____ |
| Dorene J. Philpot, Attorney No. 22055-49 | Scott A. Pyle, Attorney No. 25060-89 |
| PHILPOT LAW OFFICE, PLLC | LEWIS & KAPPES, P.C. |
| 275 Bristol Lane | 8585 Broadway, Suite 610A |
| Livingston, TX. 77351 | Merrillville, IN.  46410 |
| 281-989-2010 | (219) 648-2072 |
| fape4kids@gmail.com | spyle@lewis-kappes.com |
| | |
| Benjamin Jay Hinerfeld, PHV | Monica J. Conrad, Attorney No. 17820-98 |
| LAW OFFICE OF BENJAMIN J. HINERFELD | LEWIS & KAPPES, P.C. |
| 9 Stoddard St. | 8585 Broadway, Suite 610A |
| Plymouth, MA. 02360 | Merrillville, IN.  46410 |
| (508) 591-0385 | (219) 648-2072 |
| ben@hinerfeldlaw.com | mconrad@lewis-kappes.com |
| | |
| Counsel for Plaintiffs | Counsel for Defendant |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of April 2025, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Dorene Philpot, Esq.
Philpot Law Office, PLLC
275 Bristol Lane
Livingston, TX 77351
fape4kids@gmail.com

Benjamin Jay Hinerfeld, Esq. PHV
Law Office of Benjamin J. Hinerfeld
9 Stoddard St.
Plymouth, MA. 02360
ben@hinerfeldlaw.com

*/s/ Scott A. Pyle*_____
Scott A. Pyle