UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| E.J., et al.<br><br>      Plaintiff,<br><br>  v.<br><br>PENN-HARRIS-MADISON SCHOOL CORPORATION<br><br>      Defendant. | CAUSE NO. 3:25cv6 DRL-SJF |

## SCHEDULING ORDER

To promote scheduling and an efficient pretrial process and trial, the court SETS a scheduling conference for January 8, 2026 at 10:30am (EST) to be held via Zoom. Connection information will be provided to the parties by email. The requirements and deadlines from the operative scheduling order remain unchanged, except as modified here.

The parties must file a brief written status report on or before December 30, 2025 informing the court of the following:

    (a) status of settlement negotiations, mediation, or other alternative process;

    (b) likelihood and scope of any dispositive motion;

    (c) need for oral argument on any dispositive motion;

    (d) claims to be tried absent any dispositive motion ruling;

    (e) need for the court to resolve any choice of law issues;

    (f) duration of the anticipated trial;

(g) unique issues that may arise for trial, including for instance severance, bifurcation, special verdict forms, witness accommodations, interpreters, and the like that may impact preparations or scheduling;

(h) number of anticipated experts and a concise précis of anticipated opinion testimony limited to the proposed expert's name, specific area of expertise, and no more than five sentences summarizing anticipated opinions;

(i) likelihood and scope of any anticipated motion under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), whether that motion may impact summary judgment, and need for any related evidentiary hearing; and

(j) any other matters that would assist the court in preparing for the conference, final scheduling, and trial.

Any written status report is expected to be non-argumentative. Unless a party is proceeding *pro se*, the parties must meet and confer in a good faith attempt to winnow the issues, as appropriate, and then file a single status report. The report may explain lines of disagreement. The parties should come to the hearing prepared to discuss these topics, settlement, and scheduling.

The deadline to file any dispositive motions, including under Fed. R. Civ. P. 56, remains April 16, 2026. Briefing must be conducted in accordance with local rule. In addition to Fed. R. Civ. P. 56 and N.D. Ind. L.R. 56-1, the parties also must comply with the presider's instructions governing summary judgment filings, readily available on the court's website.

To facilitate this status conference and a prompt trial date, no motion to extend discovery or to continue other pretrial deadlines will be approved after the nondispositive motion deadline of December 19, 2025, except for extraordinary reasons directed to the presiding judge. This is the deadline for such requests. The last month of discovery is designed to conclude the process, not begin it. Good cause after this deadline will not be sufficient to

2

3

constitute an extraordinary reason. Accordingly, the parties are advised to complete timely discovery and, if necessary, file any motion to continue pretrial deadlines, motion to compel, or such motions that may impact the schedule well enough in advance of this deadline to permit any necessary briefing and time for the court to rule.

SO ORDERED.

October 22, 2025 *s/ Damon R. Leichty*
Judge, United States District Court