**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| N.J., a minor and individual with a disability, and her parents/guardians/next friends, E.J. and J.J. | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 3:25-cv-00006-DRL |
| PENN-HARRIS-MADISON SCHOOL CORPORATION | ) |
| Defendant. | ) |

## PARTIES' JOINT STIPULATIONS

Plaintiffs, E.J. and J.J. individually and on behalf of their daughter, J.J., a minor, and Defendant, Penn-Harris-Madison School Corporation, respectfully submit the following anticipated stipulated facts in aid of briefing on administrative review and summary judgment motions[1] per the Court's Orders of March 19, 2026 [Dkt. 36], March 25, 2026 [Dkt. 38], and July 24, 2025 [Dkt. 55] :

1. N.J is a "child with a disability" as defined by the Individuals with Disabilities Education Act (IDEA).
2. N.J. is a "qualified individual with a disability" as defined by section 504 of the Rehabilitation Act of 1973 (§ 504) and the Americans with Disabilities Act (ADA).
3. N.J. has chromosome15q11.2-13.1 duplication syndrome, also known as Dup15q Syndrome.
4. She has global developmental disabilities commonly associated with this genetic syndrome, including autism spectrum disorder, epilepsy, intellectual disability (severe), mixed receptive-expressive language disorder (nonverbal), ADHD, fine motor and gross

[1] Aside from the foregoing joint stipulations submitted by the parties, pursuant to the pre-summary judgment good faith discussions/conferrals of counsel and the requirements of this Court, and consistent with Fed. R. Civ. P. 56 and N.D. Ind. L.R. 56-1, counsel for the parties have further agreed that the parties intend to submit separate Statements of Material Facts, together with citations to the Certified Administrative Record in their respective briefs. *See* N.D. Ind. L.R. 56-1(a). Further, pursuant to the Court's briefing schedule and consistent with Fed. R. Civ. P. 56 and N.D. Ind. L.R. 56-1(b) and (c), the parties shall also be afforded the opportunity to respond to the opposing party's Statement of Material Facts and to submit any Additional Material Facts, as applicable, in the parties' respective briefs and/or pleadings submitted in accordance with the Court's briefing schedule. *See* [Dkt. 36]; [Dkt. 38]; and [Dkt. 55].

motor delays, and a very high pain threshold.

5. During the period in question, N.J. was fed through a feeding tube (G-tube).

6. Defendant, Penn Harris Madison School Corporation (PHM), is a recipient of federal funds, for purposes of § 504.

7. In her early years, N.J. attended the Logan Center for Autism (Logan), in Northern Indiana, as well as the Logan Center for Autism in Southern Michigan, rather than her home school. She received Applied Behavior Analysis (ABA) services at both centers.

8. At age 7, she attended a private preschool accompanied by an ABA aide a few hours a day for inclusion opportunities. This stopped due to the COVID pandemic.

9. Between March 2020 and January 2022, she received in-home ABA services from Horizon Behavioral Health due to the pandemic.

10. At age 9, in January 2022, N.J.attended Mary Frank Elementary School (MFE) within PHM for 1 hour a day, participating in gym, art, and music classes ("specials") as well as lunch and recess for the remainder of the 2021-2022 school year.

11. Parents expressed to PHM their desire for N.J. to have a more inclusive educational experience, one where she was being educated with non-disabled peers,. as opposed to her experience at an ABA clinic like Horizon.

12. While at MFE in the late winter and spring of 2022, N.J. engaged in challenging behaviors that interfered with her ability to participate in the specials.

13. PHM provided N.J. a 1:1 aide during late winter and spring of 2022.

14. N.J. continued to receive ABA programming both at home and at the Logan Center while she attended MFE during late winter and spring of 2022.

15. At the end of the 2021-2022 school year, Parents requested that N.J. attend MFE full time for the 2022-2023 school year. MFE/PHM agreed with and encouraged them to have N.J. attend full time for the 2022-2023 school year.

16. During the summer and early fall of 2022, Parents proposed that they provide a registered behavior technician (RBT) from Logan to serve N.J.'s 1:1 aide.

17. Gena Todd, the District's Director of Exceptional Education, participated in discussions with Parents about allowing a Logan RBT to serve as N.J.'s 1:1 aide.

18. Todd testified that it was clear that Parents were seeking a more traditional and more inclusive setting for N.J. Todd Dep. Tr. 89:6-17; 90:13-17.

19. After several Case Conference Committee meetings, PHM did not agree at that time to allow an outside RBT to serve as N.J.'s 1:1 aide.

20. On September 9, 2022, N.J.'s father (E.J.) emailed Gena Todd, the District's Director of Exceptional Education, and stated, among other things: "We are far from ABA fanatics and are at Mary Frank in the first place because we strongly believe in [N.J.] having a more traditional educational experience with her peers." P.Ex. 4-17.

21. On October 20, 2022, Parents, PHM—by and through Todd—, and the parties' respective attorneys executed a written agreement to mediate.

22. The agreement to mediate stated: "I understand that if agreement is reached though the mediation process, the written agreement is legally binding and can be enforced in any court of competent jurisdiction."

23. On October 20, 2022, the parties, through their respective counsel, exchanged several drafts of a mediation agreement via email.

24. PHM's counsel reviewed drafts of the mediation statement with Todd and provided to Parents' counsel redline changes. . Todd Dep. Tr. 104:22-109:15.

25. The final draft of the agreement excluded certain proposed language from Parents and their counsel. Todd Dep. Tr. 112:20-114:4.

26. The final draft of the agreement included redline edits from Todd and PHM's counsel. Todd Dep. Tr. 114:5-10.

27. Todd attended the mediation on behalf of PHM.

28. MFE Principal Christie Heerschop attended the mediation.

29. Parents and PHM (Todd) were both represented by counsel at the mediation.

30. Todd was authorized, with the assistance of counsel, to negotiate on PHM's behalf.

31. Parents' counsel was authorized to negotiate on Parents' behalf.

32. The final mediation agreement contained the language agreed upon by the parties and their respective counsel.

33. On November 1 and November 2, 2022, the parties executed their mediation agreement.

34. N.J. again began attending MFE on Nov. 14, 2022.

35. The Parents provided an RBT (ABA therapist) from the Logan Center, who accompanied N.J. at MFE pursuant to the parties' Agreement.

36. For the first two weeks, N.J. attended MFE on Mondays and Tuesdays only, from 9am-2pm.

37. Beginning 11-28-22, N.J. scheduled attendance was Mondays, Tuesdays, Wednesdays and Thursdays from 9am-2pm.

38. On Fridays, she attended the Logan Center.

39. During her time at MFE in the 2022-23 school year, Brooke Evans, a Board Certified Behavior Analyst (BCBA) at Logan Center, and Katie Waddle Howarth, an RBT at Logan Center, were the primary Logan employees who worked with N.J. at MFE. Alissa O'Hara, also a BCBA at Logan Center, came in on occasion to consult with Ms. Evans and Ms. Waddle at MFE.

40. N.J.'s MFE Individualized Educational Program ("IEP") called for 90 minutes daily of "exceptional education services in the general education setting" for Academic Skills. *See* IEP Case Conference Report, dated 12-06-22 at 11.

41. N.J. stopped attending MFE, with her last day being Wednesday, February 8, 2023.

42. N.J. returned to full-time enrollment at the Logan Center in February 2023.

43. Parents, through Plaintiff J.J. sent PHM a 10-day notice of private placement to the district via email to Director Todd on Monday, February 13, 2023 at 6:23 P.M. *See* P. Ex. 15 at p. 15-13.

44. Parents filed their special education due process hearing request on February 15, 2023.

45. N.J. and her mother (J.J.) began living in Massachusetts in April 2023.

46. N.J. started attending the Campus School at Boston College, a private school in Newton, Massachusetts, on June 6, 2023.

47. The local public school, Lexington Public Schools, in Massachusetts, is funding the private placement tuition and related services costs of N.J.'s attendance at the Campus School from June 2023 through the present.

48. N.J. has continuously attended Campus School from June 2023 through the present, including extended school year (ESY).

49. Lexington Public Schools developed an individualized education program for N.J. with the least restrictive environment (LRE) placement at Campus School at Boston College through which Lexington Public Schools is providing N.J. a free appropriate public

education pursuant to the Individuals with Disabilities Education Act.

50. N.J.'s father (E.J.) continues to reside at the family home at 1404 Honan Dr., South Bend, Indiana 46614, but frequently visits N.J. and J.J. in Massachusetts.

51. At all relevant times, the E.J. has continued to operate his business entity located in South Bend, Indiana.

Dated this 16th day of September 2026.

Respectfully Submitted,

*/s/Dorene J. Philpot*
Dorene J. Philpot, Attorney No. 22055-49
PHILPOT LAW OFFICE, PLLC
275 Bristol Lane
Livingston, TX. 77351
281-989-2010
fape4kids@gmail.com

Benjamin Jay Hinerfeld,
LAW OFFICE OF BENJAMIN J. HINERFELD
9 Stoddard St.
Plymouth, MA. 02360
(508) 591-0385
ben@hinerfeldlaw.com

*Counsel for Plaintiffs*

*/s/ Scott A. Pyle*
Scott A. Pyle, Attorney No. 25060-89
LEWIS & KAPPES, P.C.
8585 Broadway, Suite 610A
Merrillville, IN. 46410
(219) 648-2072
spyle@lewis-kappes.com

Karen Glasser Sharp, Attorney No. 14812-49
LEWIS & KAPPES, P.C.
One American Square, Suite 2500
Indianapolis, IN. 46282
(317) 639-1210
ksharp@lewis-kappes.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of September 2026, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dorene Philpot, Esq.
Philpot Law Office, PLLC
275 Bristol Lane
Livingston, TX 77351
fape4kids@gmail.com

Benjamin Jay Hinerfeld, Esq. PHV
Law Office of Benjamin J. Hinerfeld
9 Stoddard St.
Plymouth, MA 02360
ben@hinerfeldlaw.com

*/s/ Scott A. Pyle*
Scott A. Pyle